<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1848**

GMAC,

    Plaintiff - Appellant,

  and

CITIFINANCIAL AUTO CORPORATION,

    Plaintiff,

    v.

MORRIS DWAYNE HORNE; AARON LA VIGNE; AMANDA LA VIGNE,

    Defendants – Appellees,

  and

AMY LILLIAN TAYLOR,

    Defendant.

**No. 08-1850**

GMAC; CITIFINANCIAL AUTO CORPORATION,

    Plaintiffs - Appellees,

    v.

MORRIS DWAYNE HORNE; AARON LA VIGNE; AMANDA LA VIGNE,

    Defendants – Appellants,

  and

AMY LILLIAN TAYLOR,

                Defendant.

────────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cv-00515-REP)

────────────────

Submitted:  August 20, 2010          Decided:  September 1, 2010

────────────────

Before WILKINSON, KING, and GREGORY, Circuit Judges.

────────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

────────────────

Katherine M. Sutcliffe Becker, Barkley Clark, STINSON, MORRISON & HECKER, LLP, Washington, D.C., for GMAC.  James Michael Flaherty, BOLEMAN LAW FIRM, PC, Richmond, Virginia; Mark Clifton Leffler, BOLEMAN LAW FIRM, PC, Virginia Beach, Virginia, for Morris Dwayne Horne, Aaron La Vigne, and Amanda La Vigne.

────────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, the parties appeal from the district court's order affirming in part and reversing in part the bankruptcy courts' orders finding that a portion of GMAC's claims in the underlying bankruptcy proceedings are unsecured. In light of our decision in In re Price, 562 F.3d 618 (4th Cir. 2009) (holding debtor's negative equity in a trade-in vehicle included in amount financed created a purchase money obligation within the meaning of 11 U.S.C. § 1325(a)(2006), we summarily affirm the portion of the district court's order at issue in No. 08-1850. Because the parties have settled the remaining issues by filing an amended plan in the bankruptcy court, we dismiss No. 08-1848 as moot. Accordingly, we deny GMAC's motion to retain jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART